UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY WEBB,

   Plaintiff,

v.                                               Case No. 8:07-CV-1396-T-27MSS

ROBERT WHITE, et al.

   Defendants.
_____/

## ORDER

Plaintiff is a pre-trial detainee confined at Pasco County Jail, Land O' Lakes, Florida. He initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). On September 5, 2007, he filed his amended civil rights complaint (Dkt. 4-4). On January 15, 2008, the Court dismissed all of Plaintiff's claims except his right to privacy claim against Defendants Alfero and Campbell (Dkt. 11).

Currently before the Court are Defendants Alfero and Campbell's Motion to Dismiss (Dkt. 26), and Plaintiff's response to Defendants' Motion to Dismiss (Dkt. 39).

### Discussion

A. Plaintiff's allegations

In his amended complaint, Plaintiff alleges, in pertinent part, as follows. He is a pretrial detainee in the custody of the Pasco County Detention Center. On June 15, 2007, Defendant Alfero and two other officers escorted Plaintiff and several others from their cells to the showers. Once the officers escorted the detainees to the showers, Defendant Alfero ordered one detainee to remove the shower curtains from the

showers, then conducted strip searches of each of the detainees. While they were being strip searched, Plaintiff and the other detainees saw Defendant Campbell, a female officer who was standing in a guard tower approximately 26 feet from where the strip search was taking place, watching the strip searches. During the strip searches, Plaintiff also saw two male officers in the guard tower with Defendant Campbell. Plaintiff alleges that Defendant Alfero knew Defendant Campbell was in the guard tower watching the strip searches.

Plaintiff claims that Defendants violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments when Defendant Alfero conducted the strip searches while Defendant Campbell, a member of the opposite sex, was watching.

For relief, Plaintiff seeks in pertinent part compensatory and punitive damages, and an injunction prohibiting the Defendants from watching strip searches of inmates of the opposite gender.

B. Standard of Review

Fed. R. Civ. P. 12(b)(6) states that any Defendant may assert the defense of "failure to state a claim upon which relief can be granted" to a claim for relief. Further, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and a demand for the relief sought. Fed.R.Civ.P. 8(a)(2-3). In deciding whether to grant a motion to dismiss on these grounds, a court must accept "the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Starosta v. MBNA America Bank, N.A.*, 244 Fed. Appx. 939, 941 (11th Cir. 2007) (quoting from *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005)). However, "a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions..." *Bell Atlantic Corp. et al. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1959.

Although the Court must afford a pro se litigant wide leeway in pleadings, a pro se litigant is nonetheless required to satisfy necessary burdens in that he is "not relieved of his obligation to allege sufficient facts to support a cognizable legal claim," and "to survive a motion to dismiss, a Plaintiff must do more than merely label his claims." *Excess Risk Underwriters, Inc. v. Lafayette Ins. Co.*, 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002). Dismissal is, therefore, permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citing *Marshall City Bd. Of Educ. v. Marshall City Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

C. Discussion

In their Motion to Dismiss, Defendants assert that Plaintiff fails to state a claim upon which relief may be granted, and that they are entitled to qualified immunity. To the extent that Plaintiff alleges Defendants violated his rights under the Eighth or Fourteenth Amendments,[1] Defendants' Motion to Dismiss will be granted because Plaintiff's amended complaint fails to state a claim of an Eighth or Fourteenth Amendment violation. *See, Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006)(a claim of involuntary exposure of genitals in the presence of members of the opposite sex does not state a claim for an Eighth Amendment violation where there is only *de minimis* injury). Likewise, Plaintiff fails to allege facts demonstrating that Defendants Alfero and Campbell violated his rights under the First[2] and Fifth[3]

---

[1] As a pretrial detainee, Plaintiff's rights arise from the Fourteenth Amendment, although the case law with regard to the Eight Amendment prohibition against cruel and unusual punishment is applicable. *See, Bell v. Wolfish*, 441 U.S. 520, 535 (1979)(a pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment); *Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1115 (11th Cir. 2005)(the legal standards under the Eighth Amendment and the Fourteenth Amendment due process clause are the same, and the Eighth Amendment case law is applicable).

[2] The First Amendment to the United States Constitution states

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise

Amendments.⁴ Moreover, the Court finds that Defendants are entitled to qualified immunity.

"[A] prisoner retains a constitutional right to bodily privacy." *Fortner v. Thomas*, 983 F.2d 1024, 1026 (11th Cir. 1993). *See also, Powell v. Barrett*, 541 F.3d 1298 n.7 (11th Cir. 2008)("jail inmates retain a right to bodily privacy that implicates the Fourth Amendment"). "We are persuaded to join other circuits in recognizing a prisoner's constitutional right to bodily privacy because most people have 'a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating.'" *Fortner*, 983 F.2d at 1030 (quotation and citations omitted). *See also, Padgett v. Donald*, 401 F.3d 1273, 1281 (11th Cir. 2005)("In *Fortner*, we held that male prisoners' rights to bodily privacy may be violated by allowing female correctional officers to view them in states of nudity.").⁵ Therefore, Plaintiff clearly has a constitutional right to bodily privacy. He cannot, however, overcome Defendants' entitlement to qualified immunity.

"The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates 'clearly

---

thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

³The Fifth Amendment to the United States Constitution states

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

⁴Moreover, in his response to Defendants' Motion to Dismiss, Plaintiff asserts that he "withdraws the First and Fifth Amendments to the United States Constitution" which the Court construes to mean that Plaintiff is dropping his First and Fifth Amendment claims from his amended complaint (Dkt. 39 at 11).

⁵*See, Bell v. Wolfish*, 441 U.S. at 558 (assuming both convicted prisoners and pretrial detainees retain some Fourth Amendment rights upon commitment to a corrections facility).

established statutory or constitutional rights of which a reasonable person would have known.'" *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)). Therefore, governmental officials must first prove they were acting within their discretionary authority in order to receive qualified immunity. *Id.* at 1234 (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002)). "To establish that the challenged actions were within the scope of his discretionary authority, a defendant must show that those actions were (1) undertaken pursuant to the performance of his duties, and (2) within the scope of his authority." *Harbert Intern., Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998)(citing *Lenz v. Winburn*, 51 F.3d 1540, 1545 (11th Cir. 1995)). The Court finds that it is apparent from the allegations in Plaintiff's amended complaint and the attachments thereto, that Defendants were acting within the scope of their discretionary authority at the time of the incident.

"Once the governmental officials have established that they were acting within their discretionary authority, the burden shifts to the plaintiffs to show that qualified immunity is not appropriate." *Id.* "The Supreme Court has established a two-part test to determine the applicability of qualified immunity." *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003).

> The threshold inquiry a court must undertake in a qualified immunity analysis is whether [the] plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 122 S. Ct. at 2513. If under the plaintiff's allegations, the defendants would have violated a constitutional right, the next, sequential step is to ask whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).

*Cottone*, 326 F.3d at 1358.

Government officials are entitled to qualified immunity "unless the law preexisting [their] supposedly wrongful act was already established to such a high degree that every objectively reasonable official standing in [their] place would be on notice that what the defendant official was doing would be

clearly unlawful given the circumstances." *Pace v. Capobianco*, 283 F.3d 1275, 1283 (11th Cir. 2002). Accordingly, in this case Plaintiff must demonstrate that, from the preexisting law, the Defendants had "fair and clear notice" that their conduct would break federal law. If an earlier case is "fairly distinguishable from the circumstances facing a government official," then that case cannot "clearly establish the law for the circumstances facing that government official." *Vinyard*, 311 F.3d at 1352.

Plaintiff has not cited case law showing that Defendants' actions were clearly unlawful. Plaintiff relies on *Fortner*, in which the Eleventh Circuit Court of Appeals recognized that prisoners retain a limited constitutional right to bodily privacy. 983 F.2d at 1026. The facts in *Fortner*, however, are easily distinguishable from the facts and circumstances of this case. In *Fortner*, the male prisoners claimed that the female officers solicited them to "masturbate and otherwise exhibit their genitals for the female officers' viewing." *Id.* at 1027. In *Boxer X v. Harris*, 437 F.3d 1107 (11th Cir. 2006), the Eleventh Circuit found that a male prisoner stated a claim for violation of his privacy rights where he alleged that a female officer solicited him to masturbate for her viewing. *Id.* at 1111. In *Padgett*, the issue was "whether the United States and Georgia Constitutions permit the Georgia Department of Corrections to compel incarcerated felons to submit saliva samples for DNA profiling[.]" *Id.* at 1274-75.

Plaintiff has not met his burden to show that qualified immunity is not appropriate. After *Fortner*, all officers and prison officials are expected to know that prisoners retain a constitutional right to bodily privacy. The facts in *Fortner* and *Boxer X*, however, are clearly distinguishable from the instant case. In those cases, the female officers allegedly solicited male prisoners to expose their genitals and masturbate in front of them. In the instant case, Plaintiff alleges a solitary instance where Officer Campbell observed Officer Alfero strip search Plaintiff while she was stationed in a guard tower approximately 26 feet away from Plaintiff. Plaintiff's amended complaint does not allege that Officer Campbell solicited Plaintiff to

expose his genitals to masturbate in front of her or for any other purpose.

For a right to be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987), *see also Hope v. Pelzer*, 536 U.S. 730, 739 (2002). There is an absence of case law deeming Defendants' conduct in the instant case unconstitutional. The contours of Plaintiff's right to bodily privacy are not sufficiently clear so that Defendants would have understood that their alleged actions violate that right. Therefore, Defendants are entitled to qualified immunity.

D. Injunctive Relief

Plaintiff requests an injunction prohibiting Defendants from watching strip searches of inmates of the opposite sex. Under the Prison Litigation Reform Act, "a court 'shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.'" *Miller v. French*, 530 U.S. 327, 333 (2000)(quoting 18 U.S.C. § 3626(a)(1)(A) (1994 ed., Supp. IV)). In the instant case, no prospective relief is necessary as Plaintiff's amended complaint only alleges a single instance where Defendant Campbell observed male inmates during a strip search. Plaintiff does not allege current or ongoing violations by Defendants, or that Defendants are likely to watch strip searches of inmates of the opposite sex in the future. *See, City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)(a plaintiff seeking injunctive relief must show a sufficient likelihood of future harm). Therefore, Plaintiff's claim for injunctive relief is also due to be dismissed.

E. State Law Claim

In his response to Defendants' Motion to Dismiss, Plaintiff appears to raise a state law claim that Defendants violated the Florida Model Jail Standards and Section 901.211, Florida Statutes, when Defendant

Campbell observed the strip search (Dkt. 39 at 27-28). Plaintiff's amended complaint, however, does not raise this state law claim, but only alleges violations of his federal constitutional rights (Dkt. 4-4 at 6-8). Regardless, even if the Court were to allow Plaintiff to amend his amended complaint to add a state law claim, the Court would exercise its discretion to decline supplemental jurisdiction over the state law claim since Defendants' Motion to Dismiss has been granted as to the section 1983 claims over which this Court had original jurisdiction. *See,* 28 U.S.C. § 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . .the district court has dismissed all claims over which it has original jurisdiction[.]"). *See also, Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342 (11th Cir. 1997)(dismissal of state law claims strongly encouraged when federal law claims are dismissed prior to trial)(citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

The Court notes that the statute of limitations on the pendent state law claim is an important factor to consider when determining whether or not to dismiss pendent state law claims. If the state claim has become time-barred during the pendency of the federal action then the court should exercise supplemental jurisdiction despite the dismissal of all of the federal claims. *Eubanks v. Gerwen*, 40 F.3d 1157, 1162 (11th Cir. 1994). Plaintiff appears to be raising a negligence claim or claim founded on a statutory liability, and therefore Plaintiff has four years to bring his claim. *See,* Section 95.11(3), Florida Statutes (2007). Here, where Plaintiff's claim accrued on June 15, 2007, the statute of limitations has not yet run out (See, Dkt. 4-4 at 3). Therefore, the statute of limitations does not prevent this Court from declining to exercise jurisdiction over Plaintiff's pendent state law claim as it did not expire while the federal action was pending before this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Defendants' Motion to Dismiss (Dkt. 26) is **GRANTED** without prejudice to Plaintiff to

assert his state law claims in state court.

2. The Clerk of the Court is directed to dismiss this action, enter judgment against Plaintiff, terminate all pending motions, and close this case.

**DONE AND ORDERED** in Tampa, Florida, on November 10th, 2008.

JAMES D. WHITTEMORE
United States District Judge

SA: sfc

Copies to: Plaintiff *pro se*
Counsel of Record